IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-328-D

ANTOINETTE L. FORD, )
)
Plaintiff, )
)
v. ) ORDER
)
EXELIS SYSTEMS CORPORATION, )
SCOTT MEIER, GREGORY ARRINGTON )
and JEFFREY GRAZER, )
)
Defendants. )

On July 24, 2017, Exelis Systems Corporation, Scott Meier, Gregory Arrington, and Jeffrey Grazer, ("defendants") moved to dismiss Antoinette L. Ford's ("Ford" or "plaintiff") tortious interference with contract claim, equal protection claim, and wrongful discharge in violation of North Carolina public policy claim [D.E. 12] and filed a memorandum in support [D.E. 13]. See Fed. R. Civ. P. 12(b)(6). On August 16, 2017, Ford responded in opposition and argued that the court should not dismiss her wrongful discharge in violation of North Carolina public policy claim [D.E. 15]. Ford did not address defendants' arguments concerning her tortious interference with contract claim or her equal protection claim. Id. On August 30, 2017, defendants replied [D.E. 17]. As explained below, the court grants defendants' motion to dismiss and dismisses the three claims.

A motion to dismiss under Rule 12(b)(6) tests the legal and factual sufficiency of the complaint. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008);

accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). The court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002). The court need not, however, accept as true a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd., 591 F.3d at 255. Moreover, this court can consider documents relied on by the parties in their briefing if they are integral to and explicitly relied on in the complaint, and their authenticity is undisputed. See E.I du Pont de Nemours and Co. v. Kolon Industries, Inc., 637 F.3d 435, 448 (4th Cir. 2011).

A motion to dismiss under Rule 12(b)(6) "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). Nevertheless, a district court may reach the merits of an affirmative defense "if all facts necessary to the affirmative defense clearly appear on the face of the complaint." Id. (emphasis omitted). "A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading, rendering dismissal appropriate." Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996) (quotation omitted). Thus, failure to comply with the statute of limitations is "a recognized basis for dismissal" under Rule 12(b)(6). Evans v. Trinity Indus., Inc., 137 F. Supp. 3d 877, 881 (E.D. Va. 2015); see Brooks, 85 F.3d at 181; West v. ITT Cont'l Baking Co., 683 F.2d 845, 846 (4th Cir. 1982).

Defendants' motion to dismiss requires the court to consider the Ford's two state-law claims, which both arise under North Carolina law. Accordingly, the court must predict how the Supreme

2

Court of North Carolina would rule on any disputed state-law issue. See Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of S.C., 433 F.3d 365, 369 (4th Cir. 2005). In doing so, the court must look first to opinions of the Supreme Court of North Carolina. See Stahle v. CTS Corp., 817 F.3d 96, 100 (4th Cir. 2016). If there are no governing opinions from the Supreme Court of North Carolina, this court "may consider lower court opinions[,] . . . treatises, and the practices of other states." Twin City Fire Ins. Co., 433 F.3d at 369 (quotation omitted).[1] In doing so, a federal court "should not create or expand [a] [s]tate's public policy." Time Warner Entm't-Advance/Newhouse P'ship v. Carteret-Craven Elec. Membership Corp., 506 F.3d 304, 314 (4th Cir. 2007) (first alteration in original) (quotation omitted); Wade v. Danek Med., Inc., 182 F.3d 281, 286 (4th Cir. 1999). Moreover, in predicting how the highest court of a state would address an issue, this court must "follow the decision of an intermediate state appellate court unless there is persuasive data that the highest court would decide differently." Toloczko, 728 F.3d at 398 (quotation omitted).

Ford's tortious interference with contract claims arose on May 31, 2013. See Compl. [D.E. 1-1] ¶¶ 36–51. Ford did not file suit until May 31, 2017. See [D.E. 1] ¶ 1. North Carolina's three-year statute of limitations bars this claim. See N.C. Gen. Stat. § 1-52(l); Scott v. Town of Taylortown, No. 1:13-cv-834, 2014 WL 4114313, at *11 (M.D.N.C. Aug. 20, 2014) (unpublished); Phillips v. Pitt Cty. Mem'l Hosp., Inc., 222 N.C. App. 511, 520, 731 S.E.2d 462, 468–69 (2012). Thus, the court dismisses the claim.

As for Ford's equal protection claim (Compl. ¶¶ 78–84), defendants are not state actors. Thus, the court dismisses the claim. See, e.g., Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658–60 (4th Cir. 1998).

---

[1] North Carolina does not have a mechanism to certify questions of state law to its Supreme Court. See Town of Nags Head v. Toloczko, 728 F.3d 391, 397–98 (4th Cir. 2013).

3

As for Ford's wrongful discharge claim in violation of North Carolina public policy claim, Ford relies on N.C. Gen. Stat. § 143-422.2 as the source of North Carolina's public policy and alleges that defendants terminated her employment due to her race and sex. See Compl. ¶¶ 12–35. Ford cannot pursue her wrongful discharge claim against defendants Meier, Arrington, and Grayer because they are individuals and are not considered "employers" under North Carolina law. See Inglesias v. Wolford, 539 F. Supp. 2d 831, 840 (E.D.N.C. 2008) (collecting cases). Thus, the court dismisses the claim against those three defendants.

As for defendant Exelis Systems Corporation, Ford's wrongful discharge claim is subject to a three-year statute of limitations. See, e.g., Harris v. Cmty Alts., No. 5:11-CV-52-D, 2011 WL 2111851, at *2 (E.D.N.C. May 26, 2011) (unpublished) (collecting cases). Ford was discharged on May 31, 2013, but did not file suit until May 31, 2017. See [D.E. 1-1] 4; Compl. ¶¶ 12–35. Thus, North Carolina's three-year statute of limitation appears to bar her claim.

In opposition, Ford argues that the North Carolina General Assembly eliminated her wrongful discharge cause of action on March 23, 2016, and restored the cause of action on July 18, 2016. See [D.E. 13] 3–4. According to Ford, she had one year from July 18, 2016, to file her wrongful discharge claim. See id. at 3–6. Thus, Ford contends that her wrongful discharge claim is timely.

"[W]hen a statute of limitations is shortened by legislative amendment, a reasonable time is given for the commencement of an action before the amended statute works a bar." Gannon v. Champion Residential Servs., Inc., No. 3:16CV756-RJC-DSC, 2017 WL 780882, at *2 (W.D.N.C. Feb. 3, 2017) (unpublished) (quotation and alteration omitted). A "[r]easonable time shall be the balance of the time unexpired according to the law as it stood when the amending act is passed, provided it shall never exceed the time allowed by the new statute." Id. (quotation and alteration

4

omitted); see Carson v. Norfolk & C.R. Co., 128 N.C. 95, 38 S.E. 287, 288 (1901); Culbreth v. Dowing, 121 N.C. 205, 28 S.E. 294, 294–95 (1897); Reunion Land Co. v. Vill. of Marvin, 129 N.C. App. 249, 251, 497 S.E.2d 446, 448 (1998); Spaulding v. R.J. Reynolds Tobacco Co., 93 N.C. App. 770, 773, 379 S.E.2d 49, 51 (1989), aff'd, 326 N.C. 44, 387 S.E.2d 168 (1990).

The limitations period for Ford's cause of action ran from May 31, 2013, until the General Assembly eliminated her wrongful discharge cause of action on March 23, 2016, by enacting North Carolina General Assembly House Bill 2, S.L. 2016-3 ("HB2"). At that point, Ford had two months and eight days of unexpired time remaining before the three-year statute of limitations would have run. On July 18, 2016, the North Carolina General Assembly enacted House Bill 169, S.L. 2016-9 ("HB169"), which restored Ford's wrongful discharge cause of action, but with a one-year statute of limitation. Accordingly, on July 18, 2016, Ford's wrongful discharge claim was viable, but she had to file within the shorter of (1) her remaining unexpired time (i.e., two months and eight days) or (2) the new one-year statute of limitations. See, e.g., Gannon, 2017 WL 780882, at *2; Reunion Land Co., 129 N.C. App. at 251, 497 S.E.2d at 448; Spaulding, 93 N.C. App. at 773, 379 S.E.2d at 49. Because Ford did not file her wrongful discharge claim by September 26, 2016 (i.e., two months and eight days after July 18, 2016), her wrongful discharge claim is untimely. Thus, the court dismisses the claim.

In sum, the court GRANTS defendants partial motion to dismiss [D.E. 12] and DISMISSES plaintiff's wrongful discharge claim, tortious interference claim, and equal protection claim.

SO ORDERED. This 4 day of October 2017.

JAMES C. DEVER III
Chief United States District Judge